## STATE v. JAMES PATTERSON.

(Filed 20 September, 1944.)

**1. Extradition § 8—**

Upon indictment, prosecution, and conviction of defendant for manslaughter and judgment of imprisonment to be suspended upon payment by defendant of $500.00 to relatives of the deceased and the costs of the action, where defendant made the payments required, including the expenses of the sheriff in going to a distant state and returning defendant without extradition, there is error in an order of the court that the State pay such expenses of the sheriff under G. S., 15-78.

**2. Criminal Law § 65½—**

Expenses for returning persons charged with crime to this State from points outside the State, without extradition, are not denominate allowable costs under G. S., 6-1.

APPEAL by the State from *Alley, J.,* at April Term, 1944, of CHEROKEE.

The defendant James Patterson was convicted of manslaughter at the April Term, 1944, of Superior Court of Cherokee County and was sentenced to serve two years in the common jail, to be assigned to work under the supervision of the State Highway and Public Works Commission, the prison sentence to be suspended upon condition that the defendant pay $500.00 to the relatives of the deceased, Avery Beaver, and the costs of the action. The defendant paid into the office of the Clerk the $500.00 for the use and benefit of the relatives of the deceased, and $196.00 to cover the bill of costs in the case, and was released. The bill of costs so paid included $106.10 which had been paid by the county of Cherokee to the sheriff of said county, for expenses incurred by said sheriff in making a trip to the State of Ohio for the purpose of returning the defendant to North Carolina for trial, and actually so returning the defendant.

Thereafter his Honor signed an order to the effect that neither Cherokee County nor the defendant were liable for the $106.10, and directing that the State of North Carolina pay such expense, closing said order with these words: "And the Court being of the opinion that under Section No. 4556 (24) of the Consolidated Statutes that said expenses should not be taxed as a part of the costs in said action, nor taxed against Cherokee County, the crime charged being a felony, and that the State of North Carolina under said Section No. 4556 (24) should pay said expense, the Court being of the opinion that there is no good reason why the State should not pay said expenses on account of the defendant having waived the State not having had to go to the trouble of getting requisition. Therefore, it is ordered and adjudged by the Court that the State of North Carolina do pay said expense, of L. L. Mason, Sheriff, of $106.10, as authorized under Section No. 4556 (24)."

To the foregoing order of the court the State in apt time noted an objection and exception, and appealed to the Supreme Court, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State, appellant.*

*J. D. Mallonee for defendant Patterson, appellee.*

SCHENCK, J. We are constrained to hold that the order directing that the State pay the expense of returning the defendant from Ohio to North Carolina was unauthorized in this case and therefore in error.

It appears in the record that no requisition was applied for and none issued by His Excellency, the Governor, and that the defendant Patterson waived extradition and voluntarily returned with the sheriff to North Carolina.

The statute, C. S., 4556 (24) (now G. S., 15-78), mentioned in the order as authority for its issuance refers to the payment of expenses in cases of extradition, and no others. It reads in part: "When the crime shall be a felony, the expenses shall be paid out of the state treasury, on certificate of the governor and warrant of the auditor; and in all other cases they shall be paid out of the county treasury in the county wherein the crime is alleged to have been committed. . . ." There was no certificate of the Governor for the reason that the case was never before His Excellency.

G. S., 6-1 (C. S., 1225), which sets forth the items allowed as costs, enumerates: "actual disbursements for fees to the officers, witnesses, and other persons entitled to receive the same," and does not include expenses for returning defendants to this State from points without the State.

The order appealed from by the State, being without authority, was in error, and therefore, is

Reversed.